## Application of Monaca Aerie 1412

R. E. McCreary, for appellant.

Archie B. De Castrique, district attorney, and Linas V. Ledebur, for Commonwealth.

READER, P. J., May 25, 1933.—On May 23, 1933, Monaco Aerie 1412, Fraternal Order of Eagles, presented to the Treasurer of Beaver County an application

for a retailer's license under the Beverage License Law of 1933. The Treasurer of Beaver County refused the license on the sole ground that the said applicant was unincorporated. An appeal from the order of the treasurer was taken and filed in the Court of Quarter Sessions of Beaver County on May 25, 1933. The treasurer and the district attorney representing him waived the 30 days' notice provided by section 7 of said act, and a hearing was forthwith had before the court. An answer to the petition for the appeal was filed by the treasurer, through the district attorney, admitting that the facts set out in the appeal are true. The application for the license, the order of the treasurer refusing the license, the appeal, and the answer thereto were all offered at the hearing.

The only question raised is the question as to the right of the applicants to a license under the act in view of the fact that the Monaca Aerie above named is unincorporated.

The act of assembly defines the word "person" in the following language (section 2(b)): "The word 'person' means and includes natural persons, associations, partnerships and corporations."

Section 6 of the act defines the person to whom a retail license may be granted under the act in the following language:

"Section 6. Retailer's Licenses.—Subject to the restrictions hereinafter provided, the treasurer shall issue to a person who conducts a reputable hotel, or incorporated club, or a reputable, bona fide eating place where food is regularly and customarily prepared and sold, and who makes application upon a form as hereinafter prescribed, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a retailer's license for such place."

Adopting the definition of the word "person" found in the provision of the act hereinbefore quoted, the effect of section 6 is that a license may be granted to any natural person, association, partnership or corporation who conducts a reputable hotel, or incorporated club, or a reputable, bona fide eating place where food is regularly and customarily sold.

Throughout the act, in various sections thereof, it is apparent that the word "person" is treated as embracing an unincorporated association as entitled to a retailer's license upon compliance with the other provisions of the act. It would seem from section 6 that a license to secure to a club the privileges as to the manner of sale permitted by section 22 of the act to clubs, as such, can be granted only to an incorporated club. We are satisfied, however, from a consideration of the provisions of all of the act that any unincorporated association or group of individuals may properly be granted a license in connection with an eating house maintained by it. The applicant before us contemplates a license for such purpose, and it was stated to the court that this is the character of the license sought by the applicants. We are of the opinion that they are entitled to such a license, but that the sale of beverages permitted by the act must be conducted by the applicants in the eating house proper, and that the same must be open to and ready to serve the public generally. Under the license to be granted under the application now before us the licensees will not be entitled to the privilege of making sales elsewhere upon their premises. Section 22 of the act provides:

". . . A retailer licensed to sell beverages in a hotel or club house may, however, sell and deliver such beverages in any room of such hotel or clubhouse occupied by a bona fide registered guest or member entitled to purchase the same."

No such right to sell in any room of the clubhouse maintained by the applicants will be conferred by the license under this order. As above stated, the right to sell will be limited to the eating house proper.

486

*Order*

Now, to wit, May 25, 1933, the order of the Treasurer of Beaver County refusing the license applied for under the application now before us is overruled, and it is hereby ordered, adjudged and decreed that a retailer's license issue to the applicants under their application, said license to have the effect of an eating house license permitting the sale of beverages as defined in the Act of May 3, 1933, within said eating house proper, and not elsewhere upon the premises of the applicants; and said eating house to be open to the public generally, and not limited to the use of the members of the applicant association.

From William F. Schutte, Beaver Falls, Pa.